FILED
APR 21 2011
CLERK, US DISTRICT COURT
NORFOLK, VA

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**ROBERT L. JACOBS, JR.**

**Plaintiff,**

**Civil Action No.** 2:11cv227

**v.**

**JURY TRIAL DEMANDED**

**LYNNHAVEN LINCOLN-MERCURY, INC.,
a/k/a "Lynnhaven Lincoln-Mercury Kia," "Southern Lincoln Lynnhaven," "Southern Kia Lynnhaven," "Lynnhaven Suzuki," "Lynnhaven Kia," and "Southern Hospitality Automotive Group"**

**SERVE: Frederick Stant III, Esq.
222 Central Park Avenue Suite 1700
Virginia Beach, VA 23462**

**Defendant.**

## COMPLAINT

COMES NOW the plaintiff, Robert L. Jacobs, Jr. ("Mr. Jacobs"), by counsel, and moves this Court for entry of judgment in his favor and against the defendant, Lynnhaven Lincoln-Mercury, Inc., ("Lincoln-Mercury"), and in support of this complaint alleges as follows:

### Nature of Action

1. This is an action at law arising out of discrimination on the basis of retaliation in the course of employment of plaintiff Mr. Jacobs by Lincoln-Mercury and certain common law claims.

2. This action states federal claims against Lincoln-Mercury for discrimination on the basis of retaliation, all under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

§ 2000e, *et seq*.

**Parties**

3. Mr. Jacobs is a resident and citizen of the City of Virginia Beach, Virginia.

4. Mr. Jacobs was an employee of Lincoln-Mercury within the meaning of 42 U.S.C. § 2000e(f) from June 2008 until March 26, 2010, as a "Detail Manager." The General Manager of Lincoln-Mercury during that time was Juan Lewis.

5. Lincoln-Mercury is an employer within the meaning of U.S.C. § 2000e(b).

6. Lincoln-Mercury is engaged in an industry affecting commerce and has had more than 15 employees for each working day in each of the twenty-one or more calendar weeks in the current or preceding year, and during all times alleged herein, within the meaning of 42 U.S.C.§ 2000e(b).

7. Lincoln-Mercury had, on information and belief, between 201 and 500 employees in each of 20 or more calendar weeks since January 1, 2008 within the meaning of 42 U.S.C.§ 1981a(b)3(D).

**Jurisdiction and Venue**

8. This Court has jurisdiction over Mr. Jacobs' claims under Title VII of the Civil Rights Act of 1964, as amended, pursuant to 42 U.S.C. § 2000e-5(f)(3) and 42 U.S.C. § 2000e-3(a).

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1332 over Mr. Jacobs' claims of employment discrimination in violation of Mr. Jacobs' equal protection rights under the Fourteenth Amendment, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Mr. Jacobs' common law claims.

10. Lincoln-Mercury is presently, and regularly, conducts affairs and business activities throughout eastern Virginia and did so at all times alleged herein.

11. The causes of action arose from the defendant's acts and omissions in Virginia.

12. Unlawful employment practices committed by the defendant occurred in this judicial district. The defendant does business in this judicial district and the plaintiff lives in this judicial district.

13. Venue over the claims of Mr. Jacobs under Title VII is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b).

## Facts

14. Plaintiff was employed at Lincoln-Mercury from June 2008 through March 26, 2010. In early March 2010, Mr. Jacobs was interrogated by Lincoln-Mercury management about sexual harassment allegations made by two of Mr. Jacobs' co-workers, who had recently filed complaints with the local Equal Employment Opportunity Commission ("EEOC") office. During said interrogation, Mr. Jacobs' responses to questioning confirmed and corroborated the sexual harassment claims by the two co-workers.

15. During said interrogation Mr. Jacobs expressed concern about feared retaliation against him for providing such corroboration.

16. Following said interrogation, Mr. Jacobs telephoned the EEOC, and expressed his fear of retaliation, and the EEOC investigator questioned Mr. Jacobs about his knowledge of that sexual harassment. Subsequently, at the request of the EEOC, Mr. Jacobs signed an affidavit corroborating the sexual harassment of the two co-workers.

17. On or about March 9, 2010, in retaliation for Mr. Jacobs' involvement in the

EEOC investigation of the sexual harassment claims of the two co-workers, Lincoln-Mercury managers falsely accused Mr. Jacobs of making false statements about General Manager Juan Lewis ("Mr. Lewis"). On or about March 9, 2010, in retaliation for Mr. Jacobs' participation in the EEOC investigation of the sexual harassment claims of the two co-workers, Lincoln-Mercury managers wrote and issued a pre-textual disciplinary notice against Mr. Jacobs for ostensibly having made false statements about Mr. Lewis.

18. On March 26, 2010, Lincoln-Mercury terminated Mr. Jacobs' employment without notice in retaliation for Mr. Jacobs' participation in the EEOC investigation of the sexual harassment claims of two of his co-workers.

19. Upon Lincoln-Mercury's termination of Mr. Jacob's employment, Lincoln-Mercury unlawfully withheld $150 from Mr. Jacobs' wages due.

20. On or about March 26, 2010, Mr. Jacobs requested of the defendant his pay of $150, which had been withheld and deducted from his pay, in violation of Virginia Code § 40.1-29. However, Lincoln-Mercury refused to pay Mr. Jacobs the $150, which had been withheld and deducted from his pay, in violation of Virginia Code § 40.1-29.

21. On April 26, 2010, Lincoln-Mercury falsely stated in writing to a third party, *inter alia*, that "Mr. Jacobs offered to the customer that he could provide her a deal to detail her car. Therefore the customers proceeded to provide Rob Jacobs $150 dollars in cash and they made arrangements to detail her car;" "After several phone calls to Robert's cell number, which he provided to her, the customer never received a call back, therefore the customer contacted the authorities;" "Mr. Jacobs took cash from a customer and never reported it to the company nor did he provide the services to the customer;" "The company decided to make things right with

the customer by providing her a refund and apology for Mr. Jacob's behavior; this is not how we do business and we did not want Mr. Jacob's [sic] to get into trouble with the authorities." See **Exhibit 1** incorporated by reference. The foregoing statements and implications, of and concerning the plaintiff, were defamatory in that they implied the plaintiff was guilty of fraud and embezzlement in the course of his occupation. The foregoing statements were false when made and known by Lincoln-Mercury to be false when made. The statements were published to employees of the Virginia Employment Commission at a time when Lincoln-Mercury knew the statements were false. On information and belief the statements were also published to other third parties at local auto dealerships, with intent to harm Mr. Jacobs' reputation and re-employment prospects.

22. The statements alleged above taken as a whole in context, were libelous *per se*, because they implied that the plaintiff is a criminal and is not fit to serve in his occupation as an auto detailer, and as such are capable of defamatory meaning and construction. By these defamatory statements the defendant imputes unfitness to perform the duties of office or employment for profit, want of integrity in the discharge of those duties, and the commission of a criminal offense. The defamatory statements, individually and taken as a whole, prejudice the plaintiff in his profession, tending to injure him in his employment and profession, and cast him as being particularly unfit to be an auto detailer, or work in any position of trust.

23. By composing and publishing the defamatory statements alleged herein, the defendant intended to, and did, charge the plaintiff with the commission of a criminal offense of embezzlement and obtaining monies under false pretenses, crimes punishable by imprisonment.

24. The defamatory statements detailed in this Complaint were made of and

concerning the plaintiff, are false, and were false when made.

25. The defendant made the statements knowing they were false and with reckless disregard for their truth or falsity, and after having been put on notice that the statements relating to the plaintiff were false. The defendant recklessly asserted defamatory falsehoods, which defendant should have known to be false when made, and which defendant did know were false when made. The statements were made with such gross indifference and recklessness as to amount to a wanton and willful disregard of the plaintiff's reputation and rights. The statements were made to persons having no interest in the subject of the statements. The statements were made with malice.

26. The defendant lacked reasonable grounds for making the statements, implications, and insinuations complained of, and acted negligently in failing to attempt to ascertain the truth thereof. The defendant acted with actual knowledge of falsity, and out of common law malice and actual malice, when making the statements. The statements proximately caused the plaintiff special damages, as well as *per se* damages, including but not limited to pecuniary loss, damage to reputation and standing in the community, embarrassment, humiliation, and mental suffering.

27. Publication of such defamatory statements was intended to refer to the plaintiff and were so understood by those upon reading or hearing of such defamatory statements.

28. The defamatory statements alleged herein were authored by defendant and were published by defendant. The defamatory statements were published with the actual, and apparent approval, and ratification of defendant, and the statements proximately caused special and general damages to the plaintiff. The statements caused the plaintiff, *inter alia*, injury to reputation, embarrassment, humiliation, and emotional distress.

29. On January 13, 2011, Mr. Jacobs timely filed an administrative Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination against him by Lincoln-Mercury on the basis of retaliation. **Exhibit 2.**

30. On March 24, 2011, Mr. Jacobs received a Notice of Right to Sue letter from the EEOC arising from his Charges of Discrimination. **Exhibit 3.**

**COUNT I**
**RETALIATION**

31. Mr. Jacobs restates and realleges the allegations appearing elsewhere in the Complaint as though fully stated herein.

32. 42 U.S.C. § 2000e-3 provides that it is an unlawful employment practice for an employer to "discriminate against any individual ... because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter. "

33. Defendant, Lincoln-Mercury, by and through its employees, agents, and officers, including supervisory employees, intentionally, willfully, and wantonly retaliated against Mr. Jacobs because of Mr. Jacobs' participation in an EEOC investigation with respect to sexual harassment complaints made by two of Mr. Jacobs' co-workers against Lincoln-Mercury, all as alleged above.

34. The actions and/or activities of defendant, Lincoln-Mercury, constitute retaliation for Mr. Jacobs' participation in an EEOC investigation with respect to sexual harassment complaints made by two of Mr. Jacobs' co-workers against Lincoln-Mercury, and are in violation of Title VII of the 1964 Civil Rights Act.

35. As a direct and proximate result of the unlawful retaliation by defendant, Lincoln-Mercury, Mr. Jacobs has suffered, and will in the future suffer, great damages including front pay; back pay; loss of career opportunities, promotions and advancements; loss of retirement benefits; loss of fringe benefits; embarrassment, humiliation, and inconvenience; severe mental anguish, stress, and pain and suffering; loss of enjoyment of life and other nonpecuniary injury in amounts to be determined at trial.

36. In addition, Mr. Jacobs has incurred and continues to accrue attorneys' fees and other costs related to the prosecution of this action.

**COUNT II**
**LIBEL AND LIBEL PER SE**

37. Mr. Jacobs restates and realleges the allegations appearing elsewhere in the Complaint as though fully stated herein.

38. The statements authored and published by defendant referred to herein are libelous *per se*, because they impute unfitness to perform duties of office or employment for profit and want of integrity in the discharge of duties of such office and the commission of a criminal offense. The statements, individually and taken together as a whole, prejudice the plaintiff in his profession, tending to injure him in his employment and profession, and cast him as being particularly unfit to be an auto detailer, or work in any position of trust, and proximately caused and will cause him damages.

39. The statements referred to herein have caused, are causing, and will cause the plaintiff injury to his reputation, good name, and have held, and will hold, him up to public scandal and/or ridicule, and have caused, are causing, and will cause him embarrassment,

humiliation and mental suffering. The statements were calculated to, and do, hold the plaintiff up to public scorn, hatred, and ridicule; by such publication, the defendant did injure the plaintiff's reputation in the community at large. The plaintiff has been injured in reputation and good standing in the community in which the plaintiff lives.

40. The statements proximately caused the plaintiff to lose part and future income.

**Prayer for Relief**

WHEREFORE, plaintiff, Robert Jacobs, prays that this Court enter judgment in her favor and against the defendants on the above counts, and further:

A. Award on Count One, judgment in favor of Mr. Jacobs, and against the defendant, Lincoln-Mercury, for all relief available under Title VII of the Civil Rights Act of 1964, as amended, including but not limited to back pay and interest (pre-judgment and post-judgment) on those amounts, in amounts to be determined at trial; Two Hundred Thousand and No/100 Dollars ($200,000.00), or whatever amount may be proven at trial, for damages pursuant to 42 U.S.C. § 1981 a(b)(3); and attorney fees and costs in this action, including expert fees, pursuant to 42 U.S.C. § 2000e-5(k); and

B. On his common law claims under Count II (for Libel and Libel Per Se) plaintiff prays for an award of Five Million Dollars ($5,000,000) in compensatory damages, plus interest at the maximum rate allowed by law on the entire judgment from the date of April 21, 2011, until paid; and

C. Award Mr. Jacobs such other and further relief as the Court deems just and equitable under the circumstances; and

**JURY DEMAND**

Plaintiff, Robert Jacobs , demands a trial by jury.

Respectfully submitted,
ROBERT JACOBS

By:____________________________
Of Counsel

Jeremiah A. Denton III, Esq.
VSB #19191
Vivile R. Dietrich, Esq.
VSB #72893
Jeremiah A. Denton III, P.C.
477 Viking Drive, Suite 100
Virginia Beach, VA 23452
757/340-3232 (Tel.)
757/340-4505 (Fax)
jerry@jeremiahdenton.com
viv@jeremiahdenton.com

Gary C. Byler, Esq,
505 S. Independence Blvd., Suite 210
Virginia Beach, VA 23452